# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:18-cr-190-JRT-KMM-3 |
| Plaintiff, | |
| v. | **ORDER** |
| Javier Perez, Jr. | |
| Defendant. | |

This matter is before the Court on motions for discovery and disclosure filed by the government and Defendant Javier Perez Jr. The Court held a hearing on the Motions on October 29, 2018. Based on the motions that were filed, the written responses, and the arguments presented at the hearing, the Court enters the following Order.[1]

## 1. Government's Motion for Discovery (ECF 13)

The government's motion for discovery of information pursuant to Rule 16 of the Federal Rules of Criminal Procedure is **GRANTED**. The defendants shall provide discovery and disclosures as required by the Fed. R. Crim. P. 16.

---

[1] The Court will separately issue a report and recommendation on Mr. Perez's Motion to Suppress Electronic Surveillance and Wiretapping Evidence. (ECF No. 65.)

**2. Mr. Perez's Motion for Discovery (ECF No. 66 and 67)**

Mr. Perez's motions for discovery and inspection are **GRANTED** to the extent they seek discovery and disclosure consistent with Fed. R. Crim. P. 16. The government shall continue to comply with its discovery and disclosure obligations.

**3. Mr. Perez's Motion for Disclosure of 404(b) Evidence (ECF No. 69)**

Mr. Perez's motion for disclosure of Rule 404(b) evidence is **GRANTED**. The government shall disclose any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b) at least **two weeks** before trial.

**4. Mr. Perez's Motion for Expert Discovery (ECF No. 71)**

Mr. Perez's motion for expert discovery is **GRANTED**. The government shall make its expert disclosures at least **three weeks** prior to trial. Any expert disclosures to be made by Mr. Perez must be completed by **two weeks** before trial.

**5. Mr. Perez's Motion for Disclosure of Jenks Act Material (ECF No. 72)**

Mr. Perez's motion for early disclosure of Jencks Act material is **DENIED**. The Jencks Act provides that the government "need not produce Jencks statements prior to a witness' testimony on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 & n.2 (8th Cir. 1992) (citing 18 U.S.C. § 3500(b) and discussing the government's option to make earlier voluntary disclosure, such as through an "open file policy"). The government is strongly encouraged to disclose any Jencks Act material as early as possible. To the extent any Jencks Act material has not yet been shared, the

government has agreed to provide it to the defense no later than three days before trial.

6. **Mr. Perez's Motion to Retain Rough Notes (ECF No. 74)**

Mr. Perez's motion for government agents to retain rough notes is **GRANTED**. Disclosure of rough notes is not required by this paragraph.

7. **Mr. Perez's Motion for Disclosure of Favorable Evidence (ECF No. 75)**

Mr. Perez's motion for disclosure of favorable evidence is **GRANTED**. The government is obligated to disclose evidence favorable to Mr. Perez as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. These cases place an ongoing obligation on counsel for the government to disclose exculpatory evidence and impeachment material to Mr. Perez.

8. **Mr. Perez's Motion for Disclosure and Make Informant Available for Interview (ECF No. 77)**

Mr. Perez's Motion to disclose the identity of the government's informant and to make that informant available for interview is **DENIED WITHOUT PREJUDICE**. A defendant seeking the disclosure of the identity of the government's informant must show that such disclosure is "material to the outcome

of his case." *United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001). Mr. Perez has not met this high burden here.

Date: November 1, 2018         *s/Katherine Menendez*
                               Katherine Menendez
                               United States Magistrate Judge